**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re:

Curtis Donald Hughes
SSN XXX-XX-9276
Tressa Louise Hughes
SSN XXX-XX-3221

        Debtor.

**CHAPTER 7 CASE**

**CASE NO. 05-40705 RJK**

---

**NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY**

TO:    Debtor and other entities specified in Local Rule 9013-3(a).

1.      Countrywide Home Loans (hereinafter "Secured Creditor"), by its undersigned attorney moves the Court for the relief requested below and gives notice of hearing herewith.

2.      The Court will hold a hearing on this motion on May 5, 2005, at 11:00 a.m., or as soon thereafter as counsel can be heard, before the Honorable Robert J. Kressel in Courtroom 8 West of the above entitled Court located at U.S. Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

3.      Any response to this motion must be filed and delivered not later than May 2, 2005, which is three days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or served and filed by mail not later than April 25, 2005, which is seven days before the time set for the hearing (excluding Saturdays, Sundays and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on February 7, 2005.  The case is now pending in this Court.

5.      This motion arises under 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001.

This motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 - 9019-1.

Movant requests relief from the automatic stay with respect to property subject to a lien.  Movant requests

said relief be effective immediately notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3).

6.      Debtor is indebted to Secured Creditor in the original principal amount of $129,807.00, as

evidenced by that certain Promissory Note dated January 19, 2001, a copy of which is attached hereto as

Exhibit "A", together with interest thereon.

7.      Debtor's indebtedness is secured by a mortgage on real estate in which Debtor has an interest

as evidenced by that certain mortgage deed dated January 19, 2001, executed by Curtis D. Hughes, a married

man, recorded January 22, 2001, as Document No. 308028, a copy of which is attached hereto as Exhibit "B".

The name and address of the original creditor is contained in the attached Exhibit "B".  The property is

located in Mulder County, Minnesota and is legally described as follows to-wit:

       The North 64 feet of Lot 10, Block 5 in College Addition to Hutchinson.

Secured Creditor is now the holder of said mortgage and is entitled to enforce the terms thereof.

8.      At all times material, Debtor was in default of the payments and performance of obligations

to Secured Creditor.

9.      Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or

adequate protection.  This Secured Creditor's interest in the property is not adequately protected where, as

of April 7, 2005, Debtor is delinquent in the making of monthly payments as required for the months of

September, 2004 through April, 2005, inclusive, in the amount of $1,371.59 each; accruing monthly late

charges of $52.22 and attorneys fees and costs of $700.00.  Debtor has failed to make any offer of adequate

protection.

10.    Debtor has no equity in the property and the property is not necessary to an effective organization.  The value of the property as scheduled by Debtor is $118,000.00 subject to Secured Creditor's mortgage in excess of $137,746.39.

Since this is a liquidation case, no reorganization is being attempted.  According to the Debtors Statement of Intentions, they are surrendering the property.

11.    Secured Creditor desires to protect its interest in the aforementioned property and requests the Court to vacate the stay of actions and allow foreclosure pursuant to Minnesota law.

12.    Secured Creditor has incurred and will incur legal fees and costs to protect and enforce its rights in the subject property.

**WHEREFORE,** Secured Creditor, by its undersigned attorney, moves the Court for an order for judgment that the automatic stay provided by 11 U.S.C. § 362(a) be modified so to permit the movant to commence mortgage foreclosure proceedings under Minnesota law and for such other relief as may be just and equitable.

Dated this   7th   day of    April   , 2005.

**WILFORD & GESKE**

By  /e/ James A. Geske
    James A. Geske
    Attorneys for Secured Creditor
    7650 Currell Blvd., Suite 300
    Woodbury, MN  55125
    651-209-3300
    Attorney Reg. No. 14969X

THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

I hereby certify that I have compared this document
with the original, and it is a true and correct copy
thereof. F.J. QUAST

*[signature]*

LOAN #: 3709315

# NOTE

JANUARY 19, 2001                                    MINNESOTA
[Date]              [City]                          [State]

246 GRIFIN AVE NE, HUTCHINSON, MN 55350
                    [Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $  129,807.00   (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is
AMERICA'S WHOLESALE LENDER
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of  9.000  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the FIRST        day of each month beginning on
MARCH 01, 2001        . I will make these payments every month until I have paid all of the principal and interest and any
other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date
and will be applied to interest before Principal. If, on FEBRUARY 01, 2031        , I still owe amounts under this Note, I will
pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
4500 PARK GRANADA, CALABASAS, CA 91302-1613
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,044.46

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at a time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment
to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of
the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless
the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other
loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge
shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me
which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the
Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated
as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN     calendar
days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000  % of my
overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

MULTISTATE FIXED RATE NOTE - Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Initials: *[initials]*

VMP MORTGAGE FORMS - (800)521-7291

☑ -5N (9904).02      CHL (02/00).01                Page 1 of 2                Form 3200 3/99

EXHIBIT *A*   

*23991*                              *003709315000002005N*

CROW RIVER TITLE GUARANTY INC
100 2ND AVENUE SW
HUTCHINSON, MN 55350

OFFICE OF COUNTY RECORDER
McLEOD COUNTY MINNESOTA

DOCUMENT NUMBER A-308028

CERTIFIED FILED AND/OR RECORDED ON
JANUARY 22, 2001, AT 9:00:00 AM

CARMEN OSTLIE MULDER, COUNTY RECORDER

Fees:
EQUIPMENT FUND         $3.00
SURCHARGE              4.50
GENERAL ABSTRACT       13.00
                Total  $20.50

Mortgage Reg Tax of $ *248.77*
paid this 22nd day of Jan., 2001
Receipt No. 51280
Amanda O. Grabow McLeod Co Treas

[Space Above This Line For Recording Data]

PURCHASE MONEY
# MORTGAGE

MIN 1000157-0000212181-8

Return To:
MS SV-79 DOCUMENT PROCESSING
1800 TAPO CANYON ROAD
SIMI VALLEY, CA 93063

3709315
[Loan #]

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated **JANUARY 19, 2001**, together with all Riders to this document.
(B) "Borrower" is
**CURTIS D HUGHES, A MARRIED MAN**

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) "Lender" is
**AMERICA'S WHOLESALE LENDER**
Lender is a CORPORATION
organized and existing under the laws of **NEW YORK**
Lender's Address is
4500 PARK GRANADA, CALABASAS, CA 91302-1613

MINNESOTA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
Page 1 of 15                                            Initials: [signature]
(MN) -6A(MN) (0005).01    CHL (05/00)    VMP MORTGAGE FORMS - (800)521-7291    Form 3024 3/00
CONV/VA

*23991*                            *003709315000002006A*

eScan Copy 12/16/04 03:37:19 PM

EXHIBIT ___B___



LOAN #: 3709315

(E) "Note" means the promissory note signed by Borrower and dated JANUARY 19, 2001 . The Note states that Borrower owes Lender ONE HUNDRED TWENTY NINE THOUSAND EIGHT HUNDRED SEVEN and 00/100 Dollars (U.S. $ 129,807.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than FEBRUARY 01, 2031 .

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[ ] Adjustable Rate Rider   [ ] Condominium Rider   [ ] Second Home Rider
[ ] Balloon Rider   [ ] Planned Unit Development Rider   [X] 1-4 Family Rider
[ ] VA Rider   [ ] Biweekly Payment Rider   [X] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the COUNTY of MCLEOD :

[Type of Recording Jurisdiction]   [Name of Recording Jurisdiction]

The North 64 feet of Lot 10, Block 5 in College Addition to Hutchinson.

Initials: [signature]

-6A(MN) (0005).01   CHL (03/00)   Page 2 of 10   Form 3024 3/99

LOAN #: 3709315

possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)
CURTIS D HUGHES                  - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

_____ (Seal)
                                 - Borrower

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

Curtis Donald Hughes
SSN XXX-XX-9276
Tressa Louise Hughes
SSN XXX-XX-3221

           Debtor.

                                  **CHAPTER 7 CASE**

                                  **CASE NO. 05-40705 RJK**

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF FROM STAY**

**ARGUMENT**

I.      CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) WHERE THE INTEREST OF THIS SECURED CREDITOR IS NOT ADEQUATELY PROTECTED.

Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection.

Secured Creditor's interest in the property is not adequately protected where:

        1.      As of April 7, 2005, Debtor is delinquent for the monthly payments as required for the months of September, 2004 through April, 2005, in the amount of $1,371.59 each; accruing monthly late charges of $52.22 and attorneys fees and costs of $700.00.

        2.      Debtor has failed to make any offer of adequate protection.

II.     THE AUTOMATIC STAY SHOULD BE MODIFIED PURSUANT TO 11 U.S.C. § 362(d)(2) WHERE (1) DEBTOR DOES NOT HAVE ANY EQUITY IN THE PROPERTY, AND (2) THE PROPERTY IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.

        The first requirement under § 362(d)(2) is met where the total of all the encumbrances against the property is in excess of the value of the property.  The value of the property as scheduled by Debtor is $118,000.00 subject to Secured Creditor's mortgage in excess of $137,746.39.

Since this is a liquidation case, no reorganization is being attempted.  According to the Debtors

Statement of Intentions, they are surrendering the property

## CONCLUSION

Secured Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for

cause, and where its interest in the secured property is not adequately protected.  Secured Creditor is also

entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) where Debtor has no equity in the

property, and where the property is not necessary to an effective reorganization.

Secured Creditor respectfully requests an Order of this Court modifying the automatic stay consistent

with the attached proposed Order.

Dated this   7th   day of    April   , 2005.

**WILFORD & GESKE**


By  /e/ James A. Geske_____
   James A. Geske
   Attorneys for Secured Creditor
   7650 Currell Blvd., Suite 300
   Woodbury, MN  55125
   651-209-3300
   Attorney Reg. No. 14969X

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In Re:

**CHAPTER 7 CASE**

**CASE NO. 05-40705 RJK**

Curtis Donald Hughes
SSN XXX-XX-9276
Tressa Louise Hughes
SSN XXX-XX-3221

**AFFIDAVIT OF**
**CAROLYN GLENN**

Debtor.

Carolyn Glenn,being first duly sworn on oath, deposes and states:

1.     That she is the Bankruptcy Specialist of Countrywide Home Loans, Inc.

2.     Countrywide Home Loans, Inc., is now the holder of a mortgage on real property in which the debtor has an interest. The debtor's indebtedness is evidenced by that certain mortgage deed dated January 19, 2001 , executed by Curtis D. Hughes, a married man, recorded January 22, 2001, as Document No. 308028. The property is located in Mulder County, Minnesota and is legally described as follows, to-wit:

The North 64 feet of Lot 10, Block 5 in College Addition to Hutchinson.

3.     That she has reviewed the account records relating to the Hughes mortgage loan, account no. 3703915.

4.     That as of March 9, 2005, the following amounts were owing on this account:

| | |
|---|---|
| Unpaid Principal: | $126321.64 |
| Interest through March 31, 2005: | $7,566.30 |
| Attorney's Fees: | $700.00 |
| Late Charges: | $156.66 |
| Recording Fee: | $19.50 |
| Mortgage Insurance Premium: | $194.72 |
| Total Fees Due: | $1,581.87 |
| Escrow Balance: | 1,205.70 |
| TOTAL: | $137,746.39 |

5.     That the mortgage loan is delinquent for monthly mortgage payments for the months of September, 2004 through March, 2005; $1,371.59 each; accruing monthly late charges of $52.22.

6.     This affidavit is given in support of the motion of Countrywide Home Loans, Inc. for relief from the automatic stay.

COUNTRYWIDE HOME LOANS, INC.

By _Carolyn Glenn_

Its Bankruptcy Specialist

Subscribed and sworn to before me
this 4th day of _April_ , 2005.

_Terri Y. Reese_
Notary Public

TERRI Y. REESE
Notary Public, State of Texas
My Commission Expires
December 22, 2008

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

                                              **CHAPTER 7 CASE**

Curtis Donald Hughes
SSN XXX-XX-9276
Tressa Louise Hughes
SSN XXX-XX-3221

                                              **CASE NO. 05-40705 RJK**

               Debtor.            **UNSWORN DECLARATION**
                                              **FOR PROOF OF SERVICE**

      Melissa D. Chambers, employed by Wilford & Geske, attorneys licensed to practice law in this Court, with office address at 7650 Currell Blvd., Suite 300, Woodbury, Minnesota, declares that on April 7, 2005, I served the annexed Notice of Hearing and Motion for Relief from Stay, Memorandum in Support of Motion for Relief, Affidavit of Carolyn Glenn, and proposed Order to each person referenced below, a copy thereof by enclosing the same in an envelope with first class mail postage prepaid and depositing the same in the post office at Woodbury, Minnesota addressed to each of them as follows:

Curtis D. Hughes
Tressa L. Hughes
982 Jefferson Street
Hutchinson, MN 55350

Paul E. Ross
287 Marschall Road, Suite 203A
Shakopee, MN 55379

Timothy D. Moratzka
901 Marquette Avenue, Suite 1400
Minneapolis, MN 55402

U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

      And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated this  7th  day of  April , 2005.

                                      By /e/ Melissa D. Chambers
                                    Melissa D. Chambers

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Curtis Donald Hughes
SSN XXX-XX-9276
Tressa Louise Hughes
SSN XXX-XX-3221

                              Debtor.

**CHAPTER 7 CASE**

**CASE NO. 05-40705 RJK**

**ORDER**

       The above entitled matter came on for hearing upon motion of Countrywide Home Loans (hereinafter "Secured Creditor"), pursuant to 11 U.S.C. § 362 on May 5, 2005, at U.S. Courthouse, 300 South 4th Street, Minneapolis, Minnesota.  Appearances were as noted in the record.  Based upon the evidence adduced at said hearing, the arguments of counsel, and the Court being fully advised of the premises,

       IT IS HEREBY ORDERED that Secured Creditor, its assignees and/or successors in interest, is granted relief from the stay of actions imposed by 11 U.S.C. § 362 with regard to that certain mortgage deed dated January 19, 2001, executed by Curtis D. Hughes, a married man, recorded January 22, 2001, as Document No. 308028 covering real estate located in Mulder County, Minnesota, legally described as follows, to-wit:

                  The North 64 feet of Lot 10, Block 5 in College Addition to Hutchinson

and may pursue its remedies under state law in connection with the subject note and mortgage deed.

Notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3),

this Order is effective immediately.

Dated:_____           _____

                                           Judge of Bankruptcy Court